UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
JUL 06 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY MIKE GOMEZ,<br><br>Defendant. | Case No. _____<br><br>**C O M P L A I N T**<br><br>Title 21 U.S.C., Sec.,841(a)(1) Possession of a -Controlled Substance with the Intent to Distribute;   and |

'15MJ2060

The undersigned complainant being duly sworn states:

On or about May 29, 2015, within the Southern District of California and elsewhere, defendant JOHNNY MIKE GOMEZ did knowingly and intentionally Possess a Controlled Substance with the Intent to Distribute approximately 114 grams of Methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

And the complainant states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

_____
Paul Gelles, Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence, July 6th, 2015.

_____
RUBEN B. BROOKS
United States Magistrate Judge

Page 1 of 8

# **A F F I D A V I T**

I, Paul Gelles, being duly sworn, declare and state:

## **TRAINING AND BACKGROUND OF THE AFFIANT**

1. I am an investigator and law enforcement officer of the United States within the meaning of Title 21, United States Code, Section 878, who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Titles 18 and 21, United States Code.

2. I have been employed as a Special Agent with the Drug Enforcement Administration ("DEA") since September 1999, and am currently assigned to the DEA San Diego Field Division Narcotics Task Force ("NTF"). Prior to my assignment to the NTF, I was assigned to the Bogotá Colombia Country Office Anti-Money Laundering Unit. Before employment with the DEA, I was a Patrol Agent with the United States Border Patrol (USBP) for approximately two years. I have received specialized law enforcement training from the Federal Law Enforcement Training Center, Charleston, South Carolina. I have received specialized narcotics law enforcement training at the Federal Bureau of Investigation/Drug Enforcement Administration Academy, Quantico, Virginia. I have also received specialized training in the interdiction of narcotics and narcotic proceeds through airports, hotels, trains, and parcels. During my employment with DEA, I have participated in the surveillance and arrest of numerous drug traffickers. I have debriefed numerous persons arrested for controlled substance trafficking and have debriefed and directed confidential informants in gathering controlled substance intelligence. Also, I have spoken with experienced narcotics investigators concerning the methods and practices of narcotics traffickers. Through my experience and training and my conversations with other investigators, I have also become familiar with the manner in which controlled substances are imported, manufactured, distributed

and sold. I have become familiar with the efforts of persons engaged in the importation, smuggling, manufacturing, distribution and sales of controlled substances to avoid detection and apprehension by law enforcement officers. I am also familiar with the manner in which narcotics traffickers use telephone, cellular telephone technology, pagers, coded communications, false or fictitious identities, and other means to facilitate their illegal activities and thwart law enforcement investigations.

3. The information contained in this affidavit is based on my personal knowledge of this investigation and information provided to me from San Diego Police Department (SDPD) Officer Errick Barnes.

4. This affidavit is made in support of a complaint and arrest warrant against JOHNNY MIKE GOMEZ for violating Title 21, United States Code, Sections 841 (a)(1), (Possession with intent to distribute a controlled substance, namely, Methamphetamine). This affidavit is intended only to set forth probable cause for the requested complaint. It does not purport to set forth all of my knowledge in this matter.

## **PROBABLE CAUSE**

5. Since January 2015, members of the Drug Enforcement Administration (DEA) Integrated Narcotics Task Force (NTF) Team 2 have been investigating the drug trafficking activities of the Old Town National City ("OTNC") criminal street gang. During the course of the investigation, NTF believed that two structures on the property located at 5322 Hilltop Drive, San Diego, California ("Hilltop Drive property") were involved in the illicit sales of assault weapons and methamphetamine.

6. On May 28, 2015, at approximately 1:30 p.m., NTF Team 2 members established surveillance of the Hilltop Drive property.

7. On May 28, 2015, the Honorable William Nevitt, Judge of the San Diego Superior Court authorized a telephonic search warrant for both premises on the Hilltop Drive property.

8. On May 29, 2015, at approximately 12:10 a.m., San Diego Police Department (SDPD) Uniformed Gang Suppression Team Officers Errick Barnes and Nick Ketchum were assigned to assist with a perimeter position during the execution of a SWAT search warrant located at the Hilltop Drive property. While the officers were set up in the area, they were advised by undercover surveillance units that a red colored Toyota sedan had left the Hilltop residence and the sole occupant was now pumping gas at the Valero gas station located at 1025 Euclid Avenue, San Diego, California. Officers Barnes and Ketchum arrived at the Valero Gas Station in a marked SDPD black and white unit, entering through the south west entrance to the gas station. Once in the parking lot, Officer Barnes immediately observed a male pumping gas and standing near the opened front driver side door of a red Toyota sedan. Officer Barnes determined the male to be Hispanic, approximately 35-42 years of age, 190-220 pounds, shaved head, medium skin color, wearing a white tank top, light colored shorts and white socks pulled to his knees.

9. As the officers entered the gas station, Officer Barnes noticed that the Hispanic male observed their patrol vehicle traveling toward his direction and immediately began to nervously look back and forth towards the officers as well as undercover surveillance vehicles that were positioned in the south east corner of the gas station parking lot. Officer Barnes stopped his patrol unit behind the Hispanic male and his red Toyota sedan as he stood facing the officers still holding the gas pump in his right hand. Officer Barnes observed the Hispanic male attempt to vigorously remove a large unknown item from his left shorts pocket with his left hand. Based on the Hispanic male's behavior and believing he was trying to retrieve a weapon, Officers Barnes Ketchum quickly exited their patrol vehicle and

immediately pointed their duty weapons in his direction while giving verbal commands to show his hands. The Hispanic male dropped the fuel pump and continued trying to remove the item from his left pocket. As Officer Barnes continued to order the Hispanic male to show his hands, the Hispanic male removed an object from his pocket and threw it to the ground near his feet. Officer Barnes observed the object burst open as it hit the ground, revealing an off white crystal like substance that the Officer recognized as being a controlled substance. Officer Barnes then noticed that Hispanic male stepping on the substance in what appeared to be an attempt to destroy the evidence. Officer Barnes began to close the distance on the Hispanic male in an attempt to take him into custody and the Hispanic male immediately bent down and reached into the red Toyota sedan as if he was trying to retrieve a weapon. Officer Barnes observed the Hispanic male stand back up and as the Officers approached, and then ducked back down out of view while continuing to reach for an unknown item in the vehicle. Believing the male was trying to gain access to a weapon and lure the officers closer to engage them in gunfight, the officers retreated back to their marked patrol unit for cover. Officers Barnes and Ketchum continued giving the Hispanic male commands to show his hands, but he ignored the officers' orders.

10. Officer Barnes then observed the Hispanic male enter the driver seat of the red Toyota sedan and flee the Valero gas station parking lot at a high rate of speed. Officer Barnes and Officer Ketchum returned to their vehicle, where Officer Barnes illuminated his overhead lights and siren and began chasing the red Toyota sedan. Officer Barnes and Officer Ketchum pursued the red Toyota sedan as it traveled northbound onto Euclid Avenue, then transitioning onto the 94 eastbound, exiting onto Kelton Street, and then immediately back onto 94 eastbound. Officers Barnes and Ketchum subsequently terminated the pursuit of the red Toyota sedan as ordered by the SDPD field lieutenant.

11. During the pursuit, DEA TFO Dan Harrison and TFO Rick Ellington remained at the Valero Gas Station and began recovering the crystalline substance that the Hispanic male had thrown to the ground. Upon recovering the crystalline substance, TFO Harrison and TFO Ellington then transferred custody to TFO Steve Epperson. TFO Epperson then conducted a presumptive field test of the crystalline substance, which tested positive for the presence of methamphetamine. TFO Epperson and your affiant then processed the suspected methamphetamine according to DEA guidelines and determined the gross weight of the exhibit to be approximately 114.1 grams.

12. At approximately 1:20 a.m., members of SDPD SWAT executed a search warrant at the Hill Top Property. During the course of the warrant, Officers detained Aaron Cortez and two additional suspects and seized approximately one quarter pound of methamphetamine and a sawed off shotgun. TFO Epperson subsequently admonished Cortez of his Miranda rights per his preprinted Miranda card, as witnessed by your affiant. Cortez stated that he understood his rights, and was willing to speak with your affiant and TFO Epperson. During the course of the interview, Cortez was questioned about the Hispanic male who left his residence in the red Toyota sedan moments before SWAT executing the search warrant. Cortez stated that he only knew the Hispanic male by "Johnny." Cortez said that that "Johnny" had told him that he had a court appearance late that morning (May 29, 2015). Agents asked what "Johnny's" court appearance was for and Cortez said he did not know.

13. On June 4, 2015, your affiant was speaking with TFO Anthony Garcia regarding the investigation. TFO Garcia has been employed as a Detective with the San Diego Sheriff Department as was formerly assigned to the SDSD gang unit. TFO Garcia advised your affiant that he was familiar with an individual known as "JOHNNY GOMEZ" who matched the description of the Hispanic male ("Johnny")

who discarded the methamphetamine and led the SDPD Officers on a high speed pursuit. A review of San Diego County law enforcement databases revealed that GOMEZ had a traffic related court appearance the morning of May 29, 2015. A review of GOMEZ's criminal history revealed numerous convictions related to methamphetamine possession and trafficking including a 2011 Federal conviction for violating Title 21 U.S.C. 846, Conspiracy to Distribute Methamphetamine. TFO Garcia subsequently provided your affiant with a booking photo of GOMEZ.

14. On June 4, 2015, your affiant spoke with TFO Scott Henderson, who was a member of the undercover surveillance team that followed the Hispanic male to the Valero Gas Station on May 29, 2015. Your affiant showed TFO Henderson GOMEZ's booking photo and TFO Henderson immediately identified GOMEZ as the Hispanic male who discarded the methamphetamine at the Valero Gas Station on May 29, 2015.

15. On June 4, 2015, TFO Henderson advised me that he had forwarded the booking photo of GOMEZ to Officer Barnes. TFO Henderson told me that Officer Barnes had also positively identified GOMEZ as the same individual who had discarded the methamphetamine and led him and his partner on a high speed pursuit on May, 29, 2015.

//
//
//

## **CONCLUSION**

16. Based on the foregoing facts, along with my training and experience, I believe that there is probable cause to believe that JOHNNY MIKE GOMEZ violated Title 21 United States Code, Sections 841 (a)(1), possess with intent to distribute, or dispense a controlled substance - Methamphetamine).

PAUL GELLES, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this 6th day of July 2015.

RUBEN B. BROOKS
United States Magistrate Judge